IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-79,511-01 & WR-79,511-02




EX PARTE JOHNNY RAY SUBIA, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W05-41548-V & W05-41549-V
                        IN THE 292ND DISTRICT COURT FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
sexual assault of a child and sentenced to fifteen years’ imprisonment on each cause. He did not
appeal his convictions.
            On May 8, 2013, we dismissed these applications as non-compliant because some of
Applicant’s grounds were not included on the writ form and the writ records provided to this Court
did not include proper verifications of the habeas applications. The writ master has contacted this
Court to inform us that the applications appear to have been properly filed in the District Clerk’s
Office, but the writ applications provided to this Court from the District Clerk were missing multiple
pages. 
            We therefore reconsider these applications on our own motion and reopen them for further
review. This Court’s original copy of the application in cause number W05-41548-V(A), WR-79,511-01 is missing pages 5, 6, 7, 10, 11, 12, and 13 of the writ application form. These pages
included those raising some grounds as well as Applicant’s verification of the writ application. This
Court’s original copy of the application in cause number W05-41549-V(A), WR-79,511-02 is
missing pages 5 and 7-13 of the application form. It is also clear from the context of Applicant’s
attached memorandum of law that multiple pages of that memorandum are also missing from the
record in cause number W05-41549-V(A).
            It appears to this Court that the Dallas County District Clerk has provided this Court with
incomplete copies of Applicant’s filings in both of these cause numbers. The District Clerk’s Office
submitted supplemental records on May 13, 2013 that consist of complete copies of the applications
and memoranda in both causes. Even though this Court now has the necessary copies to review
theses habeas applications, we believe that the records should be developed. 
            The trial court shall hold a live evidentiary hearing and order District Clerk Gary
Fitzsimmons to respond to the following: (1) how Article 11.07 applications are processed in Dallas
County, from the day original paper applications are received and filed in the county to the day they
are forwarded to this Court; (2) whether the District Clerk’s Office has written policies in place for
the processing of Article 11.07 applications; (3) if so, what these policies are and when they were
adopted; (4) whether the District Clerk’s Office has quality controls in place to ensure that Article
11.07 applications are completely and accurately copied or digitally scanned; (5) how the District
Clerk’s Office determines that copied or digitally scanned Article 11.07 applications are an accurate
representation of the original paper applications; (6) whether the District Clerk’s Office retains
original paper applications; (7) if they are retained, how long they are retained, and if they are not
retained, how quickly they are destroyed; (8) whether the District Clerk’s Office serves the State with
paper or digitally scanned copies of Article 11.07 applications; and (9) what happened in Applicant’s
cases. Other witnesses whose testimony is relevant to this inquiry may testify at the hearing. The
trial court shall appoint counsel to represent Applicant at the hearing. Tex. Code Crim. Proc. art.
26.04. 
            The trial court shall make findings of fact as to whether the testimony of Fitzsimmons, and
other witnesses who testify, is credible. The trial court shall also make any other findings of fact that
it deems relevant to the District Clerk’s procedures, practices, and policies relating to the processing
of Article 11.07 applications.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from the evidentiary
hearing or deposition, along with the trial court’s supplemental findings of fact, shall be forwarded
to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from
this Court. 
 
Filed: May 22, 2013
Do not publish